UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor, | ) ) ) | FILE NO. |
| Plaintiff, | ) ) ) | 8:10-cv-764-T-33-TGW |
| v. | ) ) | |
| 1ST NATIONAL LEASING, INC.;<br>ROBERT WILSKE, an Individual; and<br>MIKE ALEXANDER, an Individual; | ) ) ) ) ) | |
| Defendants. | ) | |

## CONSENT J U D G M E N T

This cause came on for consideration upon Plaintiff's motion and Defendants

consent to the entry of this Judgment, without further contest.  It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants,

employees and all persons in active concert or participation with them who receive actual notice

hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the

following manners:

They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and

215(a)(2), pay any employee who is engaged in commerce or in the production of goods for

commerce, or who is employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of the Act, wages at a rate less than the applicable

minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages and interest in the total amount of $ 34,235.15 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached hereto.  The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, Defendants shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in 48 installments, as follows:

| AMOUNT | ON OR BEFORE |
|--------|--------------|
| $713 | May 15, 2011 |
| $713 | June 15, 2011 |
| $713 | July 15, 2011 |
| $713 | August 15, 2011 |
| $713 | September 15, 2011 |

2

| | |
|---|---|
| $713 | October 15, 2011 |
| $713 | November 15, 2011 |
| $713 | December 15, 2011 |
| $713 | January, 15, 2012 |
| $713 | February 15, 2012 |
| $713 | March 15, 2012 |
| $713 | April 15, 2012 |
| $713 | May 15, 2012 |
| $713 | June 15, 2012 |
| $713 | July 15, 2012 |
| $713 | August 15, 2012 |
| $713 | September 15, 2012 |
| $713 | October 15, 2012 |
| $713 | November 15, 2012 |
| $713 | December 15, 2012 |
| $713 | January, 15, 2013 |
| $713 | February 15, 2013 |
| $713 | March 15, 2013 |
| $713 | April 15, 2013 |
| $713 | May 15, 2013 |
| $713 | June 15, 2013 |
| $713 | July 15, 2013 |
| $713 | August 15, 2013 |

| | |
|---|---|
| $713 | September 15, 2013 |
| $713 | October 15, 2013 |
| $713 | November 15, 2013 |
| $713 | December 15, 2013 |
| $713 | January, 15, 2014 |
| $713 | February 15, 2014 |
| $713 | March 15, 2014 |
| $713 | April 15, 2014 |
| $713 | May 15, 2014 |
| $713 | June 15, 2014 |
| $713 | July 15, 2014 |
| $713 | August 15, 2014 |
| $713 | September 15, 2014 |
| $713 | October 15, 2014 |
| $713 | November 15, 2014 |
| $713 | December 15, 2014 |
| $713 | January, 15, 2015 |
| $713 | February 15, 2015 |
| $713 | March 15, 2015 |
| $722.15 | April 15, 2015 |

Defendant also shall provide Plaintiff with a schedule showing their employer I.D. number and the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. It is

Each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This _20_ day of April, 2011.

6-1-2011

_[signature]_

JUDGE UNITED STATES DISTRICT
COURT

Plaintiff moves entry of the foregoing Judgment:

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: _s/ Rolesia Butler Dancy_
ROLESIA BUTLER DANCY

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Suite 7T10
Atlanta, GA 30303
Telephone: 404-302-5457
Facsimile: 404-302-5438
Email: dancy.rolesia@dol.gov
ATL.FEDCOURT@dol.gov

Defendants consent to the entry of the foregoing Judgment:

1ST NATIONAL LEASING, INC.

By: _[signature]_
Robert L. Wilske

By: _[signature]_
Miguel "Mike" Alexander

6

ROBERT WILSKE

By:_____

MIGUEL "MIKE" ALEXANDER

By:_____

## SCHEDULE A

## 1st National Leasing Inc.

| NAME | BACK WAGES | INTEREST | TOTAL DUE |
|---|---|---|---|
| Mario Anzillotti | $1,572.00 | 32.29 | 1,604.29 |
| Darlene Bauters | 7,956.00 | 163.49 | 8,119.49 |
| Forrest Boles | 995.50 | 20.46 | 1,015.96 |
| Christine Davenport | 995.60 | 20.46 | 1,016.06 |
| James Jonas | 8,704.00 | 178.87 | 8,882.87 |
| Henry LaBrie | 1,400.25 | 28.78 | 1,429.03 |
| Connie Tewmey | 10,939.94 | 224.82 | 11,164.76 |
| Jeffrey Yates | 982.50 | 20.19 | 1,002.69 |
| | 33,545.79 | 689.36 | 34,235.15 |